**CRAIG E. DWYER, Esq. Bar No. 74351**
8745 Aero Drive, Suite 301
San Diego, California 92123
Phone (858) 268-9909
Fax (619 582-1980

**Proposed Attorney for Debtor-in-Possession**
**Robert Charles Allen**

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In re:**<br><br>**ROBERT CHARLES ALLEN**<br><br>**Debtor-in-Possession** | **Case No. 25-01342-JBM11**<br><br>**DECLARATION OF CRAIG E. DWYER IN SUPPORT OF APPLICATION TO EMPLOY ATTORNEY** |

I, CRAIG E. DWYER, do hereby certify and declare as follows:

1. That I am an attorney duly licensed to practice law in the State of California and before this Court.

2. I represent that I have no connection with Robert Chalres Allen, Debtor-in-Possession ("Debtor"), except to the matters in relationship to the Chapter 11 proceeding, any of the Debtor's creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed by the Office of the United States Trustee. I also represent that I do not hold or represent an adverse interest to the estate.

3. I have been paid an initial retainer of $20,000.00, which includes payment for 10 hours of pre Chapter 11 bankruptcy services at $400.00 per hour, which I have drawn down from, leaving a balance of $16,000.00. I understand my fees are subject to Court approval. Should additional time be necessary, the Debtor has agreed to pay for said services at the rate of $400.00 per hour, subject to Court approval. A copy of the Chapter 11 Bankruptcy Engagement Agreement is attached hereto as Exhibit A.

4. To the best of my knowledge, the source of the initial payment of $20,000.00, came from the Debtor.

***Case No. 25-01342-JBM11***
***In re Robert Charles Allen***
***Declaration of Craig E. Dwyer in Support of Application to Employ Attorney***

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of April 2025, at San Diego, California.

/s/ Craig E. Dwyer
CRAIG E. DWYER
Proposed Attorney for Debtor-in-Possession
ROBERT CHARLES ALLEN

# EXHIBIT A

**CRAIG E. DWYER**
**ATTORNEY AT LAW**
AERO OFFICE PARK
8745 AERO DRIVE, SUITE 301
SAN DIEGO, CALIFORNIA 92123

(858) 268-9909
FAX (619) 582-1980
craigedwyer@aol.com

# CHAPTER 11 BANKRUPTCY ENGAGEMENT AGREEMENT

1. **Matter:** Robert Charles Allen (hereinafter "Client"), hereby retains and employs Craig E, Dwyer, Esq. ("Attorney") to be his attorney to represent him in connection with a Chapter 11 Case to be filed in the United States Bankruptcy Court for the Southern District of California. The term "employ" is used here for the purposes and with the meaning given to it in U.S.C. § 327, and for no other purposes or meanings.

2. **Retainer:** Client agrees to pay the Attorney, the sum of $20,000.00 as a retainer for representation as set forth herein. Said retainer shall cover representation for the Client for the first fifty (50) hours at a billing rate of $400.00 per hour. To the extent that the funds come from the Client, they constitute a security retainer provided by the Client to his Attorney to provide funds to compensate Attorney in whole or in part for the legal services to be rendered. The security retainer remains the property of the Clients, and so will be deposited in the Attorney's Client Trust Fund Account so as not to be commingled with the Attorney's funds in his operating account and fees will be drawn down after notice and approval of the fees by the Court.

3. **Services to be Performed:** Services to be performed by the Attorney include, but are not limited to, the following: representation of the Client in the future Bankruptcy Case, including preparing and filing the appropriate bankruptcy documents; corresponding with the Client and the United States Trustee regarding the Bankruptcy Case; corresponding and negotiating with the Client's creditors; objecting to creditor claims, if necessary; handling matters of an adversarial nature, upon request of the Client; drafting and amending a Disclosure Statement and Plan of Reorganization, as necessary; representing the Client and attending the various hearings; and other matters relating to the Bankruptcy Case.

4. **Cost and Fees:** Client agrees to pay the Attorney all costs and expenses incurred by the Attorney in connection with the Chapter 11 Case. Client understands that such costs and expenses include, but not by way of limitation, court fees, costs of expert witnesses, document duplication ($0.10 per page), faxing, necessary travel and the like.

5. **Hourly Rate and Billing Practice:** Client understands and agrees that the attorney will bill for services at his customary hourly rate. The customary hourly rate for Craig E. Dwyer, Esq., is $400.00 per hour. Client further understands that the retainer payment set forth herein shall be payment of the first fifty (50) hours in the case. Thereafter, Client will be responsible to pay the hourly rate of $400.00 for further representation by the Attorney as is necessary.

6. **Payment Not Conditioned on Success:** Client agrees to pay the Attorney's fees accrued during the Chapter 11 Case or accrued after confirmation and closure of the case, whether Client completes a successful reorganization or "prevails" in any litigation or whether their bankruptcy case and/or any adversary proceeding is dismissed or liquidated in a Chapter 7 Bankruptcy or decided adversely to Client's interests. Client agrees to pay Attorney such fees as are ordered by the Bankruptcy Court within fifteen (15) days of the entry of such order and any fees billed after confirmation or dismissal within fifteen (15) days of receipt of invoice. The Attorney retains the right to withdraw only upon authorization of the Bankruptcy Court if any check of the Client is returned for insufficient funds. The Attorney makes no guarantee or warranty as to the successful completion of a confirmed Chapter 11 Proceeding.

7. **Cooperation:** Client agrees to cooperate fully with the Attorney in supplying the information he needs to provide such services as Client shall require and to be open and honest with the attorney concerning all matters related to those services to be provided. Client understands that timely payment of the Attorney's invoices is an essential element of such cooperation. Client agree to attend all meetings required by the Bankruptcy Court and its Rules and to fulfill its duties under the Bankruptcy Code.

8. **Resolution of Conflicts:** If Client should disagree with any action planned or actually undertaken by his attorney, Client shall first call the matter to the Attorney's attention and seek to resolve the conflict amicably. Client will not withhold payment of invoices during the resolution of any conflict not related to alleged billing issues. Any unresolved conflict about the Attorney's fees will be resolved in the Bankruptcy Court for the Southern District of California. Notwithstanding anything to the contrary in the engagement agreement, and consistent with *Baker Botts LLP v. ASARCO LLC*, __ U.S. __, 135 S. Ct. 2158 (2015), the Attorney will not seek to recover attorneys' fees for defense of any objections to the firm's fees should one be filed.

9. **Excluded Services:** Client understands and agrees that the Attorney is not providing services for any appeals, bankruptcy adversary proceedings or any non-bankruptcy matter including, without limitation, advise with respect to issues that are primarily non-bankruptcy issues, including issues in the areas of tax, securities, torts, environmental law, intellectual property and labor law, any state court litigation, administrative hearings or proceedings, arbitration and/or any matter not directly arising out of the bankruptcy case unless there is a written modification to the fee agreement. Client also understands and agrees that the Attorney is not providing any accounting services and that it is the responsibility of the Client, with the assistance of its accountant, if any, to file all tax returns and to pay all taxes due, including real estate taxes and payroll taxes, in a timely manner. Client understands that it may, with permission of the Bankruptcy Court, engage an accountant to assist in the performance of the Client's duties under Chapter 11.

**10.** **Limitation of This Agreement:** This Agreement is for services set forth in paragraphs 1 and 3 above. It does not include representation of Client in any other matter. When Client shall desire the Attorney to represent him in any other case, or in any appeal, he shall so engage the Attorney's services by means of a separate agreement or a written rider to this Agreement. Until such agreement or rider is executed, however, any services performed by the Attorney shall be compensated for in accordance with the terms of this Agreement.

**11.** **File Retention and Destruction:** At the conclusion of this matter, I will retain your legal files for a period of 5 years after I close your file. At the expiration of the 5-year period, I will destroy these files unless you notify me in writing that you wish to take possession of them. I reserve the right to charge administrative fees and costs associated with researching, retrieving, copying and delivering such files.

**AGREED:**

Dated: 4/1/25

Robert Charles Allen

## ACCEPTANCE

I, Craig E. Dwyer, Esq., do hereby agree to represent in accordance with the above Engagement Agreement.

Dated: 4/1/25

CRAIG E. DWYER, ESQ.